IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JAMIE ALBERTS CARBAJAL ACEVEDO, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action  MJM-22-1157 |
| TRACY ANN MCCALLA, *et al.*, | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

Jamie Alberts Carbajal Acevedo ("Plaintiff") commenced this civil action against Handyman At Your Command LLC ("HAYC") and Tracy Ann McCalla ("McCalla") (collectively, "Defendants") for violations of the Fair Labor Standards Act of 1938 ("FLSA" or the "Act"), 29 U.S.C. §§ 201, *et seq.*; the Maryland Wage and Hour Law ("MWHL"), Md. Code, Lab. & Empl. §§ 3-415 and 3-427; and the Maryland Wage Payment and Collection Law ("MWPCL"), Md. Code, Lab. & Empl. §§ 3-505 and 3-507.2.[1] Currently pending is Defendants' Motion to Dismiss or, Alternatively, for Summary Judgment (the "Motion"). (ECF 11). Defendants filed a memorandum in support of the Motion (ECF 11-1) with several exhibits attached (ECF 11-2). Plaintiff filed a memorandum in opposition to the Motion (ECF 15) and attached several exhibits (ECF 15-1 through 15-6), and Defendants filed a reply memorandum (ECF 16). The Court has reviewed the filings and finds that no hearing is necessary. Loc. R. 105.6. For the reasons stated below, the Motion will be GRANTED, and the Complaint will be DISMISSED WITHOUT PREJUDICE and with leave to amend.

---

[1]  The parties have consented to proceed before a United States magistrate judge pursuant to 28 U.S.C. § 636(c). (ECF 12).

I.        **Background**[2]

Plaintiff, a Maryland resident, alleges that from March 2021 to the end of March 2022, Defendants employed him as a handyman performing various jobs at residences in Maryland, the District of Columbia, and Virginia. (Compl. ¶ 1). McCalla, allegedly "an owner, officer, and/or member of HAYC," is significantly involved in HAYC's business operations. (Compl. ¶ 2). Specifically, McCalla "is responsible for creating and enforcing HAYC's policies and procedures governing employee pay, compensation and benefits." (*Id*.) She "controls the corporate funds." (*Id*.) McCalla hired Plaintiff, "set and approved [Plaintiff's] hourly rate[,]" and "had authority to . . . fire and discipline Plaintiff[.]" (*Id*.) McCalla "supervised Plaintiff, made Plaintiff's schedule and sent Plaintiff to various job sites to perform his handyman work." (*Id*.) She "maintained Plaintiff's employment records in the corporate offices of HAYC which are located in her home." (*Id*.)

Plaintiff alleges that "[d]uring the one-year timeframe when Plaintiff performed work for the Defendants, his hours fluctuated." (Compl. ¶ 5). Plaintiff "typically worked between 35 and 50 hours per week and sometimes he worked more." (Compl. ¶ 5). "Defendants paid Plaintiff an hourly wage of $40 per hour for all of his work hours." (Compl. ¶ 6). Plaintiff alleges that Defendants misclassified him as an independent contractor, "made no withholdings from his pay and failed to pay him for overtime." (Compl. ¶ 6). Plaintiff also alleges that Defendants did not pay him for all of his work hours and "deducted $600 from his paycheck due to a leak from a dishwasher." (Compl. ¶¶ 6, 7).

---

[2] For purposes of resolving Defendant's motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court assumes that all facts alleged in the Amended Complaint are true. *See Fusaro v. Cogan*, 930 F.3d 241, 248 (4th Cir. 2019).

The Complaint contains three counts:

(1) Count I: Violations of the FLSA, pursuant to 29 U.S.C. §§ 201 – 216(b);

(2) Count II: Violations of the MWHL, pursuant to Md. Code, Lab. & Empl. § 3-420; and

(3) Count III: Violations of the MWPCL, pursuant to Md. Code, Lab. & Empl. §§ 3-501 – 3-507.2.

(Compl.). Plaintiff seeks unpaid wages, liquidated damages, and award of attorneys' fees and costs pursuant to the FLSA, MWHL, and MWPCL. (*Id.* at 6–7).

Defendants move to dismiss the Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure or, alternatively, for Summary Judgment under Rule 56 of the Federal Rules of Civil Procedure on all three counts on the ground that Plaintiff was not an employee within the meaning of the FLSA, MWHL, or MWPCL, and therefore not entitled to the relief he seeks under those statutes. (ECF 11-1).

## II.   Rule 12(b)(6) Motion

### A.   Legal Standard

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and citation omitted). A motion to dismiss under Rule 12(b)(6) constitutes an assertion by a defendant that, even if the facts alleged by a plaintiff are true, the complaint fails as a matter of law "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough factual allegations "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A claim satisfies the facial plausibility standard when the plaintiff pleads sufficient factual content to permit a reasonable inference that "the defendant is liable for the misconduct alleged" and the

3

plaintiff is "entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint need not include "detailed factual allegations" to satisfy Rule 8(a)(2). *Twombly*, 550 U.S. at 555. Still, it must set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if ... [the] actual proof of those facts is improbable and . . . recovery is very remote and unlikely." *Id.* at 556 (internal quotation marks omitted). Furthermore, federal pleading rules "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 11 (2014) (per curiam). However, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action's elements will not do." *Twombly*, 550 U.S. at 555 (internal quotation marks, brackets, and citation omitted). A complaint must contain factual allegations sufficient "to raise a right to relief above the speculative level[,]" *id.*, and "tender[ing] 'naked assertion[s]' devoid of 'further factual enhancement'" does not suffice, *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

The purpose of a Rule 12(b)(6) motion is to "test the sufficiency of a complaint," not to "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999)). Thus, when considering a motion to dismiss, a court must take the factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Id.* at 212. At the same time, "a court is not required to accept legal conclusions drawn from the facts." *Retfalvi v. United States*, 930 F.3d 600, 605 (4th Cir. 2019) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "A court decides whether [the pleading] standard is met by separating the legal conclusions from the factual allegations, assuming the truth of only the factual allegations, and then determining whether those allegations allow the court to reasonably infer"

4

the defendant's liability for the alleged wrong and the plaintiff's entitlement to the remedy sought. *A Society Without a Name v. Virginia*, 655 F.3d 342, 346 (4th. Cir. 2011). Moreover, a plaintiff cannot cure the deficiencies in a complaint by way of a memorandum in opposition to a motion to dismiss. *See Mylan Laboratories, Inc. v. Akzo*, 770 F. Supp. 1053, 1068 (D. Md. 1991), *aff'd*, 2 F.3d 56 (4th Cir. 1993); *Zachair Ltd. v. Driggs*, 965 F. Supp. 741, 748 n.4 (D. Md. 1997), *aff'd*, 141 F.3d 1162 (4th Cir. 1998).

### B. The FLSA Count

The FLSA was enacted to protect "the rights of those who toil, of those who sacrifice a full measure of their freedom and talents to the use and profit of others." *Schultz v. Cap. Int'l Sec., Inc.*, 466 F.3d 298, 304 (4th Cir. 2006) (citation omitted). "[B]ecause the Act is remedial and humanitarian in purpose, it should be broadly interpreted and applied to effectuate its goals." *Id*. (internal citation and quotation marks omitted). "The two central themes of the FLSA are its minimum wage and overtime requirements." *Monahan v. Cnty. of Chesterfield, Va.*, 95 F.3d 1263, 1266 (4th Cir. 1996). The Act requires that employers pay employees the minimum hourly wage "for all hours worked." *Harbourt v. PPE Casino Resorts Md., LLC*, 820 F.3d 655, 658 (4th Cir. 2016) (citation omitted). Additionally, employers must pay each employee "at a rate not less than one and one-half times the regular rate" for each hour worked in excess of forty per work week. *Schultz*, 466 F.3d at 304 (citing 29 U.S.C. §§ 206(a)(1), 207(a)(1)). The FLSA provides a right of action for employees to recover unpaid wages (including unpaid overtime compensation), liquidated damages, and reasonable attorneys' fees and costs from employers who fail to comply with the Act. 29 U.S.C. § 216(b). In this respect, the FLSA protects employees but does not protect independent contractors. *Schultz*, 466 F.3d at 305.

An "employee" is defined in the FLSA as "any individual employed by an employer," and

an "employer" includes "any person acting directly or indirectly in the interest of an employer in relation to an employee." *Id*. at 304 (citing 29 U.S.C. §§ 203(d), 203(e)(1)). The verb "employ" is defined "expansively to mean 'suffer or permit to work.'" *Nationwide Mut. Ins. Co. v. Darden*, 503 U.S. 318, 326 (1992) (quoting 29 U.S.C. § 203(g)). These definitions broaden "the meaning of 'employee' to cover some [workers] who might not qualify as such under a strict application of traditional agency [or contract] law principles." *Schultz*, 466 F.3d at 304 (citation omitted).

The FLSA "conditions liability on the existence of an employer-employee relationship, and the employee bears the burden of alleging and proving the existence of that relationship." *Kerr v. Marshall Univ. Bd. of Governors*, 824 F.3d 62, 83 (4th Cir. 2016) (citation omitted). But the Act itself "provides little guidance as to what constitutes an employer-employee relationship." *Benshoff v. City of Va. Beach*, 180 F.3d 136, 140 (4th Cir. 1999). The concept of employment under the FLSA is "broader than the common law definition of employment and even broader than several other federal employment-related statutes, such as the Internal Revenue Code." *Herman v. Mid-Atl. Installation Servs., Inc.*, 164 F.Supp.2d 667, 671 (D. Md. 2000), *aff'd*, 16 F. App'x 104 (4th Cir. 2001) (citation omitted). To determine whether the employer-employee relationship exists, courts focus on the "economic reality" of the relationship at issue. *Schultz*, 466 F.3d at 304 (citation omitted).

The "economic reality" test used to determine whether a person is an "employee" under the FLSA "analyzes different factors" than the test to decide whether a person is an "employer." *McFeeley v. Jackson St. Ent., LLC*, 47 F. Supp. 3d 260, 274 n.8 (D. Md. 2014), *aff'd*, 825 F.3d 235 (4th Cir. 2016). When the issue is whether a person is an "employee" under the FLSA, courts apply a test comprised of six factors identified by the U.S. Supreme Court in *United States v. Silk*, 331 U.S. 704 (1947), and utilized by the U.S. Court of Appeals for the Fourth Circuit in *Schultz*,

466 F.3d at 304–05, and subsequent cases. *See, e.g.*, *Hall v. DIRECTV, LLC*, 846 F.3d 757, 774 (4th Cir. 2017); *McFeeley v. Jackson St. Ent., LLC*, 825 F.3d 235, 241 (4th Cir. 2016). These factors include:

> (1) the degree of control that the putative employer has over the manner in which the work is performed;
>
> (2) the worker's opportunities for profit or loss dependent on his managerial skill;
>
> (3) the worker's investment in equipment or material, or his employment of other workers;
>
> (4) the degree of skill required for the work;
>
> (5) the permanence of the working relationship; and
>
> (6) the degree to which the services rendered are an integral part of the putative employer's business.

*Hall*, 846 F.3d at 774 (quoting *Schultz*, 466 F.3d at 304–05). "No single factor is dispositive." *Schultz*, 466 F.3d at 304 (citation omitted). Courts consider all six factors as part of a totality of the circumstances. *McFeeley*, 825 F.3d at 241.

To ascertain the status of employee as opposed to independent contractor, a court should consider whether, in performing their work, the workers are "economically dependent" on the business they serve or, instead, are in "business for themselves." *Hall*, 846 F.3d at 774 (citing *Schultz*, 466 F.3d at 304) (internal brackets omitted). Under the "economic reality" approach, "the lived reality of the worker is paramount and supersedes any categorization that a business may have made of its workers, even when the parties have signed a putative independent contractor agreement and the business routinely issues 1099s, rather than W-2s." *Guerra v. Teixeira*, No. CV TDC-16-0618, 2019 WL 330871, at *6 (D. Md. Jan. 25, 2019) (citing *McFeeley*, 825 F.3d at 239, 241, and *Randolph v. PowerComm Constr., Inc.*, 7 F. Supp. 3d 561, 569 n.5 (D. Md. 2014)).

The issue presented in the Motion is whether Plaintiff has alleged sufficient facts to state a claim for relief as an employee of Defendants for purposes of the FLSA. Although Plaintiff states

7

in a conclusory fashion that he "was an 'employee' of the Defendants within the meaning of the FLSA" and that Defendants "misclassified [him] as an independent contractor[,]" (Compl. ¶¶ 6, 10), the facts alleged in the Complaint paint only a partial picture in support of this legal conclusion. Plaintiff alleges that from March 2021 to the end of March 2022, he was employed by Defendants as a handyman to perform various jobs at homes in Maryland, the District of Columbia, and Virginia, and that McCalla supervised Plaintiff and set Plaintiff's work schedule and "hourly rate." (Compl. ¶¶ 1, 2). Apart from the bare fact of McCalla's alleged supervision of Plaintiff and setting of his work schedule, the Complaint does not speak to "the degree of control" Defendants had over the manner in which Plaintiff performed his work. *Hall*, 846 F.3d at 774.

The Complaint is also silent about most of the remaining *Schultz* factors, including "the degree of skill required for [Plaintiff's] work[,]" whether Plaintiff invested in the equipment and material used in his work, whether he employed other workers, and whether he lacked "opportunities for profit or loss dependent on his managerial skill[.]" *Id.* Addressing these factors would permit the Court to evaluate the degree to which Plaintiff was "economically dependent" upon Defendants. *Id.* Regarding the fifth *Schultz* factor, Plaintiff alleges that he was employed by Defendants from March 2021 to the end of March 2022, "typically work[ing] between 35 and 50 hours per week" or more, which tends to show a potentially permanent employment relationship. *See Montoya v. S.C.C.P. Painting Contractors, Inc*., 589 F. Supp. 2d 569, 581 (D. Md. 2008) (finding this factor weighs in favor of the plaintiffs based on evidence that they had worked full-time for the putative employer for nearly one year). As to the sixth *Schultz* factor, the nature of HAYC's business and Plaintiff's place in relation to HAYC's business structure are not expressly described in the Complaint, leaving unclear the extent to which Plaintiff's services were "an integral part" of HAYC's operation. But if, as its business name suggests and as Defendants

describe in their memorandum,[3] HAYC's business consists mainly or exclusively of providing home repair services, Plaintiff's work as a handyman may constitute an integral part of Defendants' business. Because the Complaint lacks factual content concerning most of the *Schultz* factors, the Court cannot reasonably infer from what facts are alleged that Plaintiff was an employee of Defendants for FLSA purposes.

The Court agrees with Plaintiff that he is not strictly obligated to plead facts relevant to every factor of the *Silk/Schultz* test. (ECF 15 at 3). But Plaintiff is obligated to plead facts sufficient to raise his entitlement to relief under the FLSA "above the speculative level." *Twombly*, 550 U.S. at 555. Plaintiff's right to the relief he seeks depends upon his status as Defendants' employee within the meaning of the FLSA. In *Hall*, the Fourth Circuit assessed the adequacy of an FLSA claim by analyzing the facts alleged in support of the plaintiffs' status as employees with reference to the *Schultz* factors and other aspects of the employment relationship suggesting plaintiffs' economic dependence upon the defendants. 846 F.3d at 774–75. Unlike *Hall*, the facts alleged in the Complaint here, accepted as true, are not adequate to show that Plaintiff was an employee of Defendants and instead leave the Court to speculate whether Plaintiff is entitled to FLSA relief.

Plaintiff argues that "the independent contractor defense is an affirmative one, and must be pled and proven by Defendants, not Plaintiff." (ECF 15 at 3). It cannot be doubted, however, that Plaintiff "bears the burden of alleging and proving the existence of [an employer-employee] relationship" in order to obtain relief under the FLSA. *Kerr*, 824 F.3d at 83. In its current form, the Complaint fails to plead enough facts to support its conclusion that Plaintiff was an employee of Defendants within the meaning of the FLSA. Therefore, the FLSA claim must be dismissed.

---

[3] Defendants state that "HAYC is a small home repair company that provides home repair services in DC, Maryland, and Virginia." (ECF 11-1 at 2).

### C. The MWHL and MWPCL Counts

The MWHL generally governs minimum wages and overtime in the State of Maryland. *See* Md. Code, Lab. & Empl. §§ 3-413, 3-415, 3-420. It authorizes an employee to bring a civil action against an employer to recover unpaid wages due under the statute as well as liquidated damages and attorneys' fees and costs. Md. Code, Lab. & Empl. § 3-427(a); *see generally Friolo v. Frankel*, 373 Md. 501, 819 A.2d 354 (2003). The MWHL's definition of "employer" is nearly identical to the FLSA definition. *Campusano v. Lusitano Const. LLC*, 56 A.3d 303, 308 (Md. Ct. Spec. App. 2012) (comparing 29 U.S.C. § 203(d) to Md. Code, Lab. & Empl. § 3-401(b)) . The MWHL does not define the term "employee." *Smith v. ABC Training Ctr. of Maryland, Inc.*, Civ. No. JFM-13-306, 2013 WL 3984630, at *7 (D. Md. Aug. 1, 2013). Maryland appellate courts have regarded the MWHL as the "State parallel" to the FLSA. *Poe v. IESI MD Corp.*, 220 A.3d 333, 337 (Md. Ct. Spec. App. 2019) (citing *Newell v. Runnels*, 407 Md. 578, 649, 967 A.2d 729 (2009), and *Friolo*, 373 Md. at 501, 819 A.2d 354). "The FLSA and the Maryland statutory schemes are largely congruent, and ordinarily claims brought pursuant to the MWHL succeed or fail together with claims brought under the FLSA." *Schilling v. Schmidt Baking Co.*, 876 F.3d 596, 603 (4th Cir. 2017) (citations omitted).

The MWPCL governs the timing of wage payments and the payment of wages upon termination of employment in Maryland. *Butler v. DirectSat USA, LLC*, 800 F. Supp. 2d 662, 670 (D. Md. 2011) (citing Md. Code, Lab. & Empl. §§ 3-502 and 3-505). It "protects employees from wrongful withholding of wages upon termination." *Stevenson v. Branch Banking and Trust Corporation, t/a BB&T*, 861 A.2d 735, 743 (Md. Ct. Spec. App. 2004) (citing Md. Code, Lab. & Empl. § 3-505). Importantly, the MWPCL does not focus on "the amount of wages payable but rather the duty to pay whatever wages are due on a regular basis and to pay all that is due following

10

termination of the employment." *Friolo*, 373 Md. at 513, 819 A.2d at 362. An employee may bring a civil action to recover unpaid wages from an employer who withholds wages in violation of the MWPCL. Md. Code, Lab. & Empl. § 3-507.2(a). An "employer" within the purview of the MWPCL includes "any person who employs an individual in the State or a successor of the person." Md. Code, Lab. & Empl. § 3-501(b). Like the MWHL, the MWPCL does not define "employee." *Boshea v. Compass Mktg., Inc.*, Civ. No. ELH-21-309, 2022 WL 2905059, at *10 (D. Md. July 22, 2022). The term "employ" is defined in Md. Code, Lab. & Empl. § 3-101(c) as "engag[ing] an individual to work," including "allowing an individual to work" and "instructing an individual to be present at a work site." This definition applies to both the MWHL and MWPCL. *Amaya v. DGS Constr., LLC*, 479 Md. 515, 570, 278 A.3d 1216, 1249 (2022).

When the employer-employee relationship needed to assert a claim for unpaid wages under the MWHL or MWPCL is under scrutiny, courts apply the six-factor economic reality test used in FLSA cases to determine whether the plaintiff was an "employee" within the meaning of the Maryland statutes. *See*, *e.g.*, *McFeeley v. Jackson St. Ent.*, LLC, 47 F. Supp. 3d 260, 267–68 (D. Md. 2014), *aff'd*, 825 F.3d 235 (4th Cir. 2016) (applying economic reality factors to MWHL claim); *Holden v. Bwell Healthcare, Inc.*, Civ. No. BPG-19-760, 2021 WL 5827898, at *5–6 (D. Md. Dec. 7, 2021) ("While the factors used to determine whether a worker is an employee under the MWPCL may vary, it is clear that the economic reality test applies."). Because Plaintiff has failed to plead sufficient facts under the economic reality test to show that he was Defendants' employee for purposes of his FLSA claim, the Court finds that his pleading is inadequate to state claims for relief under the MWHL and MWPCL. Consequently, the Complaint will be dismissed without prejudice.

**III.**     **Conclusion**

In summary, the Complaint does not allege sufficient facts to support a reasonable inference that Plaintiff was Defendants' employee and therefore entitled to relief under the FLSA, MWHL, and MWPCL.[4]

For the reasons explained herein, it is hereby

ORDERED that Defendants' Motion to Dismiss is GRANTED, and it is further

ORDERED that the Complaint is DISMISSED WITHOUT PREJUDICE, and it is further

ORDERED that Plaintiff will have 21 days to file any amended complaint.

__January 27, 2023____                              _____/S/_____
Date                                                            Matthew J. Maddox
                                                                   United States Magistrate Judge

---

[4] Because the Complaint is subject to dismissal for insufficient pleading, the Court does not need to address Defendants' alternative motion for summary judgment or to consider the exhibits attached to the parties' briefs. When resolving a motion to dismiss under Fed. R. Civ. P. 12(b)(6), courts are limited to considering the allegations set forth in the complaint and documents that are either attached to the complaint or "explicitly incorporated into the complaint by reference[.]" *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165–66 (4th Cir. 2016) (citing *Tellabs, Inc. v. Makor Issues & Rights*, *Ltd.*, 551 U.S. 308, 322 (2007)); *see also* Fed. R. Civ. P. 10(c). Courts may also consider documents "attached to the motion to dismiss, so long as they are integral to the complaint and authentic." *Sec'y of State for Defence v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007) (citation omitted). The Court does not find the exhibits attached to the Motion integral to the Complaint. The Court also declines to consider the exhibits attached to Plaintiff's opposition. "[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." *Mylan Labs., Inc. v. Akzo, N.V.*, 770 F. Supp. 1053, 1068 (D. Md. 1991) (citation omitted); *see also, e.g.*, *Glenn v. Wells Fargo Bank, N.A.*, Civ. No. DKC-15-3058, 2016 WL 3570274, at *3 (D. Md. July 1, 2016) (declining to consider declaration attached to brief opposing motion to dismiss).